# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-1484

_____

Christopher Lee Prosser,                          *
                                                  *
          Plaintiff - Appellee,                   *
                                                  *   Appeal from the United States
     v.                                           *   District Court for the
                                                  *   Western District of Missouri.
Victor Bruhn; Kimberly Swindler,                  *
 C.O.I.,                                           *
                                                  *         [UNPUBLISHED]
          Defendants,                             *
                                                  *
Meredith Allen,                                   *
                                                  *
          Defendant - Appellant,                  *
                                                  *
Steve Ragan; Eddie Williams; Captain              *
Galloway; Dave Dormire; John Doe;                 *
Jane Doe; Correctional Medical                    *
Systems; Chris McBee; Woody; Carr;                *
Mike Kemna,                                        *
                                                  *
          Defendants.                             *

_____

Submitted: November 15, 2007
Filed: February 4, 2008

_____

Before MELLOY, BRIGHT, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Christopher Prosser, an inmate in the custody of the Missouri Department of Corrections, suffered several injuries when he was stabbed by two other prisoners. Prosser then filed suit, under 42 U.S.C. § 1983, against prison employees Victor Bruhn, Kimberly Swindler-Thorne, and Meredith Allen-Wells alleging the stabbing resulted from their deliberate indifference to his safety in violation of his Eighth Amendment right to be free from cruel and unusual punishment. The district court[1] initially granted defendants' motion for summary judgment. On appeal, however, this court reversed and concluded that summary judgment was improper because there were genuine issues of material fact as to whether: (1) Bruhn was aware of a substantial risk of harm to Prosser; and (2) whether Allen-Wells and Swindler-Thorne acted with deliberate indifference to his safety. See Prosser v. Williams, 84 F. App'x 737 (8th Cir. 2004) (unpublished). On remand, a jury found Bruhn and Swindler-Thorne not liable for Prosser's injuries but returned a verdict in favor of Prosser against Allen-Wells in the sum of $5,000.00 in compensatory damages and $20,000.00 in punitive damages. Thereafter, the district court denied Allen-Wells's post-trial motions for judgment as a matter of law or in the alternative a new trial. Additionally, the district court awarded Prosser attorney's fees and costs against defendant in the net sum of $23,401.05. The district court entered judgment against Allen-Wells for these amounts. Allen-Wells brings this appeal asserting that there was insufficient evidence to support the jury's verdict. We affirm.

We first consider the district court's decision to deny Allen-Wells judgment as a matter of law. "We review de novo the denial of a motion for judgment as a matter of law, applying the same standard as the district court." Canny v. Dr. Pepper/Seven-Up Bottling Group, Inc., 439 F.3d 894, 899 (8th Cir. 2006) (citation omitted). We must determine whether, as a matter of law, there was sufficient evidence to sustain the jury's verdict. See, e.g., First Dakota Nat'l Bank v. St. Paul Fire & Marine Ins.

---

[1]The Honorable Fernando J. Gaitan, Jr., Chief United States District Judge for the Western District of Missouri.

Co., 2 F.3d 801, 808 (8th Cir. 1993). In doing so, "we view the evidence in the light most favorable to the jury's verdict and must not engage in weighing evidence or considering questions of credibility." Scott Fetzer Co. v. Williamson, 101 F.3d 549, 553 (8th Cir. 1996) (citation omitted). "Judgment as a matter of law is appropriate only when all of the evidence points one way and is susceptible of no reasonable inference sustaining the jury's verdict." Id. (citation omitted). Thus, "where conflicting inferences reasonably can be drawn from evidence, it is the function of the jury to determine what inference shall be drawn." Ryther v. KARE 11, 108 F.3d 832, 845 (8th Cir. 1997) (*en banc*) (internal quotations omitted). We are "reluctant to set aside a jury's verdict and will not do so lightly." Kelly v. Armstrong, 206 F.3d 794, 797 (8th Cir. 2000) (citation omitted).

Allen-Wells argues that Prosser failed to present any evidence showing she was either aware that Prosser faced substantial risk of attack or that she acted with deliberate indifference to that risk. She contends that at most she was negligent by allowing Prosser's assailants entry into a housing unit where they did not reside in violation of prison policy. After reviewing the record, we disagree. At bottom, this case turned on a credibility determination - whether the jury believed Allen-Wells's testimony which was inconsistent (if not outright contradicted) by her earlier affidavit. The jury was free to disbelieve Allen-Wells and believe Prosser's testimony that Allen-Wells told him shortly after the attack that she 'basically knew what was going on.' And it was certainly within the jury's province to infer that Allen-Wells's statement was in reference to Prosser being stabbed. We are therefore satisfied that there was sufficient evidence to support the jury's verdict that Allen-Wells violated Prosser's Eighth Amendment rights because she was deliberately indifferent to his safety.

Because there was sufficient evidence to support the jury's verdict, the district court did not err in denying Allen-Wells's motion for a new trial. Accordingly, we affirm the judgment in all respects.

_____